# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MELVIN MIMS, | ) |
| Movant, | ) |
| v. | ) No. 4:21-CV-1081 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Melvin Mims's "2255 For Ineffective Counsel," construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This is the fourth § 2255 motion filed by Movant concerning his 2017 criminal sentencing by this Court. Movant's first § 2255 motion was denied on the merits, and the United States Court of Appeals for the Eighth Circuit denied him authorization to file a successive motion. Therefore, the Court will deny and dismiss the motion without further proceedings.

### Background

On September 16, 2016, Movant pled guilty in this Court to two counts of felon in possession of a firearm and one count of possession of a firearm in furtherance of a drug trafficking crime. *United States v. Mims*, No. 4:15-CR-469-RWS-1 (E.D. Mo. Oct. 14. 2015). On June 19, 2017, the Court sentenced Movant to a total term of 98 months' imprisonment and two years of supervised release.[1] Movant did not appeal his conviction or sentence.

---

[1] This total term of imprisonment consists of thirty-eight (38) months' imprisonment on each of the felon in possession charges, such terms to be served concurrently, as well as a term of sixty (60) months' imprisonment on the felon in possession in furtherance of a drug trafficking crime, such term to be served consecutively.

Movant filed his first 28 U.S.C. § 2255 motion concerning his criminal conviction in October 2020. *Mims v. United States*, No. 4:20-CV-1538-RWS (E.D. Mo. Oct. 26, 2020). In that motion, Movant sought relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The Court consolidated the case with a second § 2255 case filed by Movant while his first motion was still pending. *See Mims v. United States*, No. 4:20-CV-1777-RWS (E.D. Mo. Dec. 14, 2020). On February 5, 2021, the Court denied and dismissed Movant's consolidated § 2255 motion as time-barred.

In the month following that dismissal, Movant filed another § 2255 motion with this Court. *Mims v. United States*, No. 4:21-CV-327-RWS (E.D. Mo. Mar. 15, 2021). Movant again asserted that he was entitled to relief under the Supreme Court's decision in *Rehaif*. Movant also argued that this Court should apply a First Circuit case, *United States v. Guzman-Merced*, 984 F.3d 18 (1st Cir. 2020). The Court dismissed the § 2255 motion on March 18, 2021, as an unauthorized second or successive motion lacking permission from the Eighth Circuit Court of Appeals.

On May 26, 2021, the Eighth Circuit Court of Appeals denied Movant's application to file a second or successive § 2255 motion, and his request for a certificate of appealability as to the dismissal of his first § 2255 motion. *Mims v. United States*, No. 21-1842 (8th Cir. May 26, 2021).

Movant initiated this action in August 2021 with a document titled "2255 For Ineffective Counsel." ECF No. 1. In that document, Movant states that he is uncertain as to whether his appeal "No. 21-1842" has been ruled by the Eighth Circuit Court of Appeals, but that if it has, he sends "this motion as is, 2255 For Ineffective Counsel." *Id.* at 1. Because Movant's appeal No. 21-1842 has been decided by the appellate court, the Court construes his filing as a motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. 2255.

In his fourth § 2255 motion which is currently before the Court, Movant argues that he is entitled to relief based on ineffective assistance of counsel. According to Movant, his criminal defense attorney did not tell him that under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the government must prove beyond a reasonable doubt that Movant had been previously convicted of a felony. *Id.* at 2-3. Movant asserts that if he had been informed by counsel of this required burden, he would not have signed the guilty plea but would have taken his case to trial. *Id.* at 3. Movant states that he would have won at trial because he "can prove that [he has] not done any prison time more than a year before this conviction." *Id.* Movant claims that his § 2255 motion is timely because it is based on a Fifth Circuit case that was not decided until July 2021, *United States v. Jackson*, 7 F.4th 261 (5th Cir. 2021). In *Jackson*, the Fifth Circuit vacated a defendant's criminal sentence, finding that his conviction was erroneously predicated on a prior conviction of child sex trafficking being a crime of violence. *Id.* at 264.

## Discussion

Because Movant previously filed a § 2255 motion that was denied on the merits, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, this second or successive motion has not been certified by the United States Court of Appeals for the Eighth Circuit, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

According to the United States Supreme Court, it is a jurisdictional requirement that a prisoner obtain authorization from the appropriate court of appeals before filing a second or successive petition in the district court. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (based on same statutory requirement for state-court prisoners in 28 U.S.C. § 2244(b)(3)(A)). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (internal citations and quotations omitted). Accordingly, this Court lacks jurisdiction over this second or successive motion. As such, the instant motion will be denied and dismissed without prejudice to refiling if, and when, Movant obtains permission from the United States Court of Appeals for the Eighth Circuit to do so.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 521-22 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (internal citation omitted). Because Movant has made no such showing, the Court will not issue a certificate of appealability in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**, without prejudice, because it is an unauthorized successive motion.  See 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An Order of Dismissal will be entered separately.

Dated this 15th day of November, 2021.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE